NO. 25-5040

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Cortez Braham,

Plaintiff-Appellee,

v.

National Collegiate Athletic Association,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

**APPELLANT NCAA'S MOTION TO EXPEDITE APPEAL**

DORSEY & WHITNEY LLP
Ben D. Kappelman
F. Matthew Ralph
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

WILKINSON STEKLOFF LLP
Rakesh Kilaru
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4046

NAYLOR & BRASTER
JOHN M. NAYLOR
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: (702) 420-7000

*Attorneys for Defendant-Appellant National Collegiate Athletic Association*

Pursuant to Ninth Circuit Rules 27-12 and 34-3, Defendant-Appellant National Collegiate Athletic Association ("NCAA"), by its undersigned attorneys, moves for an order to expedite the briefing and oral argument for this appeal from an order and preliminary injunction issued by the District Court on July 18, 2025, whereby the District Court preliminarily enjoined the NCAA from enforcing certain eligibility rules as to Plaintiff-Appellee Cortez Braham for the upcoming 2025-26 college football season.

Due to the urgent nature of this appeal, the NCAA proposes the following expedited briefing and hearing schedule:

**Opening Brief:** September 8, 2025;

**Answering Brief:** October 6, 2025;

**Reply Brief:** October 16, 2025;

**Oral Argument:** November 4, 2025, November 5, 2025, November 12, 2025, November 13, 2025, or November 14, 2025.

## POSITION OF OPPOSING COUNSEL

On August 26, 2025, counsel for Defendant-Appellant informed Plaintiff-Appellee's counsel that Defendant-Appellant planned to move to expedite this appeal and proposed the briefing and hearing schedule outlined above. Counsel for Plaintiff-Appellee responded he would oppose this motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal concerns the application of core rules governing the eligibility of student-athletes competing in NCAA Division I sports. It is one of numerous recent similar cases in which a student-athlete has sought injunctive relief against NCAA eligibility rules such that the athlete can play another season of college sports. Twenty-one courts have denied the plaintiff's motion for a temporary restraining order or preliminary injunction, including the Seventh Circuit, which overturned the United States District Court for the Western District of Wisconsin's decision and denied the plaintiff's motion for preliminary injunction.[1] There have been thirty-one

---

[1] *Fourqurean v. NCAA*, No. 25-1187, 143 F.4th 859 (7th Cir. 2025); *Brzovic v. NCAA*, No. 2:25-CV-02885-DCN, 2025 WL 1370758 (D.S.C. May 11, 2025) (denying motion for temporary restraining order and preliminary injunction); *Bellamy v. NCAA*, No. 3:25-cv-00750, 2025 WL 2267761 (M.D. Tenn. Aug. 7, 2025) (same); *Arbolida v. NCAA*, No. 25-2079-JWB, 2025 WL 579830 (D. Kan. Feb. 21, 2025) (denying motion for temporary restraining order); *Goldstein v. NCAA*, No. 3:25-cv-00027-TES, 2025 WL 581333 (M.D. Ga. Feb. 20, 2025) (same); *Ciulla-Hall v. NCAA*, No. 25-cv-10271-DJC, 2025 WL 438707 (D. Mass. Feb. 7, 2025) (same); *Hamilton v. NCAA*, No. 2:25cv924, 2025 WL 1615752 (E.D. La. June 6, 2025) (same); *Giles v. NCAA*, No. 8:25-cv-01488-JVS-KES, ECF 26 (C.D. Cal. Aug. 18, 2025) (same); *Robinson v. NCAA*, No. 2:25-cv-06454-JVS-KES, ECF 29 (C.D. Cal. Aug. 18, 2025) (same); *Wingfield v. NCAA*, No. 2:25-cv-06875-JVS-KES, ECF 26 (C.D. Cal. Aug. 18, 2025) (same); *Boyd v. NCAA*, No. 3:25cv729, 2025 WL 2432200 (M.D. Tenn. Sep. 8, 2025) (same); *Wade v. NCAA*, No. 2:24-cv-196-TBM-RPM, 2024 WL 5212665 (S.D. Miss. Dec. 23, 2024) (denying motion for TRO, case resolved before ruling on PI); *see also Osuna Sanchez v. NCAA*, No. 3:25-cv-62, 2025 WL 684271 (E.D. Tenn. Mar. 3, 2025) (denying motion for preliminary injunction); *Goldstein*, 2025 WL 662809 (same); *Jones v. NCAA*, No. 25CV003492-310, 2025 NCBC LEXIS 47 (N.C. Super. Ct. Apr. 25, 2025) (same); *Smith v. NCAA*, No. 25CV00380-310, 2025 NCBC LEXIS 46 (N.C. Super. Ct. Apr. 24, 2025) (same); *Coley v. NCAA*, No. 5:25cv98, 2025 WL 1616719 (E.D.N.C. June 6, 2025)

cases filed against the NCAA by athletes seeking additional years of eligibility. The vast majority of those cases have denied the plaintiff's request for a temporary restraining order or a preliminary injunction,

    Pursuant to the NCAA's eligibility rules, all Division I athletes, including Division I football players, are allowed to complete four seasons of "intercollegiate competition" in their chosen sport over a five-year calendar period (the "Five-Year Rule"). A student-athlete's sports participation counts as "intercollegiate competition" regardless of whether it occurs on behalf of any "four-year collegiate institution" (such as a DI, DII, or DIII school) or on behalf of any "two-year institution" (such as a community college or junior college). The Five-Year Rule, like all eligibility rules, was created to ensure that each year, a new class of student-athletes has a chance to participate in Division I athletics and to provide competitive balance by ensuring that student-athletes compete against peer students and not quasi-professional athletes.

---

(same); *Johnson v. NCAA*, No. 25-60-M-KLD, 2025 WL 1790345 (D. Mont. June 26, 2025) (same); *Hasz v. NCAA*, No. 8:25CV398, 2025 WL 2083853 (D. Neb. July 24, 2025) (same); *Hill v. NCAA*, No. 4:25-cv-00591-LPR, ECF 31 (E.D. Ark.) (same); *Walker v. NCAA*, No. 25-214-JWD-EWD, 2025 WL 1901907 (M.D. La. July 1, 2025) (same); *Giles v. NCAA*, No. 8:25-cv-01488-JVS-KES, ECF 26 (C.D. Cal. Aug. 18, 2025) (same); *Robinson v. NCAA*, No. 2:25-cv-06454-JVS-KES, ECF 29 (C.D. Cal. Aug. 18, 2025) (same); *Larry v. NCAA*, No. 25-cv-01761-GPG-CYC, ECF 49 (D. Colo. Aug. 29, 2025) (same); *Zeigler v. NCAA*, No. 3:25-cv-226-KAC-JEM, 2025 WL 1671952 (denying plaintiff's motion for preliminary injunction and pending appeal).

It is not in dispute that Plaintiff-Appellee Cortez Braham's five-year eligibility clock expired at the end of the 2024 season under the current NCAA bylaws. ECF 28 at 3. Despite this, Appellee filed this action alleging, among other things, that the application of the Five-Year Rule and other eligibility rules to his time spent at a junior college violates Section 1 of the Sherman Act. ECF 1; *see also* ECF 28 at 5-6.

After conducting a preliminary injunction hearing, the District Court found that Appellee had a reasonable likelihood of success on the merits of his antitrust claim. The District Court preliminarily enjoined the NCAA from enforcing the Five-Year Rule against Appellee as it pertains to his eligibility in the upcoming 2025-26 football season. ECF 28 at 19.

On August 8, 2025, the NCAA filed notice of appeal to challenge the preliminary injunction. The NCAA now seeks to have consideration of this appeal expedited, to rectify the District Court's error and minimize further erosion of its eligibility rules.

## **ARGUMENT**

Pursuant to Ninth Circuit Rule 27-12, a motion to expedite hearing and briefing may be filed and will be granted upon a showing of good cause. Good cause includes "in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot." Further, pursuant to Ninth Circuit Rule 34-3, appeals

related to applications for temporary or permanent injunctions will receive hearing or submission priority.

Expediting this appeal would address the harm caused to the NCAA's member institutions as result of the preliminary injunction. Critically, expedited treatment will benefit not only the NCAA's members, but also other student-athletes, by providing clarity regarding the enforcement of the NCAA's eligibility rules after *NCAA v. Alston*, 594 U.S. 69 (2021), and consistency in the application of those rules to Appellee and all future student-athletes. The District Court's order erroneously applied federal antitrust law, which has given rise to a significant degree of uncertainty as to the enforceability of some of the NCAA's core eligibility rules.

The NCAA believes that this will have (and has already had) far-reaching effects on both the NCAA and student-athletes. An expedited appeal will help to clarify the NCAA's eligibility rules as the 2025-26 football season is underway. As described above, most district courts have denied injunctive relief in similar cases, but a few have ordered that a student-athlete may play an additional season. The U.S. Court of Appeals for the Seventh Circuit recently reversed one such preliminary injunction, which was granted to a student athlete also seeking to avoid application of the NCAA's eligibility rules. *See Fourqurean v. NCAA*, 143 F.4th 859, 871 (7th Cir. 2025). In *Fourqurean*, the Seventh Circuit held that a district court erred by relying on case law, rather than facts, to define the relevant market for antitrust claim

purposes. *Id.* at 870. The Seventh Circuit further held that the district court could not rely on the "sparse and conclusory" market-definition allegations in the student-athlete's complaint because "[t]he preliminary injunction inquiry … is a decidedly far more searching inquiry than the question of whether a complaint properly alleges a claim for relief." *Id.* (quotation marks omitted). The Seventh Circuit also found inadequate evidence of antitrust injury in that the student-athlete "relie[d] solely on his own exclusion from participating in college football as proof of anticompetitive effects." *Id.* But, the Court continued, "[h]e is not a rival of the NCAA, . . . he has not drawn a link from his exclusion to an adverse effect on an existing or potential rival of the NCAA." *Id.* The District Court below committed the same errors in granting Appellee's motion for a preliminary injunction.

Although the District Court's order applies specifically to Appellee, ECF 28 at 19, the preliminary injunction will undoubtedly cause additional requests by other student-athletes claiming that the District Court's reasoning should apply to their requests to extend their eligibility. For example, on July 29, 2025, Tatuo Martinson filed a new case in the United States District Court for the District of Nevada against the NCAA seeking relief under the Sherman Act and cited the District Court's ruling in Braham as a reason why relief should be granted. *See Martinson v. NCAA*, No. 2:25-cv-01376-RFB-DJA, ECF 8-8 (D. Nev. July 29, 2025).

The District Court's decision will also impact the decisions and college careers of other student-athletes who would benefit from the opportunities created (*i.e.*, roster spots and playing time) by the orderly departure of student athletes like Appellee who have exhausted their eligibility.[2] A prompt, expedited resolution of this appeal will bring much-needed certainty to the collegiate athletic landscape heading into the upcoming seasons of competition.

Finally, expediting this appeal will not cause Appellee any harm. The deadline for Appellee to file his answering brief is the same—within 28 days of service the opening brief. *See* Ninth Circuit Rules 3-3(b). In addition, either the Court will determine that the preliminary injunction here stands, in which case there will be no change to Appellee's position; or the Court will determine that the preliminary injunction should not have been granted, in which case Appellee will not be harmed by no longer being able to benefit from an injunction that should never have been issued. If Appellee were to prevail on the merits and be granted additional eligibility, he would be able to play in the next applicable football season, presumably 2026, and a delay of one year is neither irreparable nor substantial harm. *See Hall v. NCAA*,

---

[2] Appellee's current presence on the roster harms at least two other student athletes. First, by taking up a starting position, another student athlete at Appellee's position does not get to start, is relegated to a bench role, and does not get the opportunity to play in Division I football games. Second, for a walk-on trying to make the roster, there is now one less spot available and he will not get any opportunity to participate in Division I football.

985 F. Supp. 782, 800-801 (N.D. Ill. 1997). In either scenario, resolving this appeal expeditiously will provide both parties with clarity as to how they should proceed with their respective endeavors going forward—Appellee as he prepares for the 2025–26 season, and the NCAA as it applies its eligibility rules.

## STATUS OF TRANSCRIPT PREPARATION

The full transcript of the July 2, 2025 hearing on Plaintiff's motion for a preliminary injunction was provided to Defendant Appellant NCAA on August 13, 2025 and should be available to the Court.

## CONCLUSION

Defendant-Appellant NCAA respectfully request that the Court grant this motion for an expedited appeal and order the briefing and hearing schedule as proposed herein.

Respectfully submitted this 8th day of September, 2025.

DORSEY & WHITNEY LLP

*s/ Ben D. Kappelman*
DORSEY & WHITNEY LLP
Ben D. Kappelman
F. Matthew Ralph
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

WILKINSON STEKLOFF LLP
Rakesh Kilaru
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4046

NAYLOR & BRASTER
John M. Naylor
Nevada Bar No. 5435
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: (702) 420-7000

*Attorneys for Defendant-Appellant National Collegiate Athletic Association*

## CERTIFICATE OF COMPLIANCE

I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(d)(2)(A) because this motion contains 2,335 words, accompanying documents authorized by Rule 27(a)(2)(B).

Dated this 8th day of September, 2025.

                                             *s/ Ben D. Kappelman*
                                             BEN D. KAPPELMAN
                                             50 South Sixth Street, Suite 1500
                                             Minneapolis, MN 55402

                                             *Attorneys for Defendant-Appellant National Collegiate Athletic Association*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 8, 2025.

I certify that all participants in the case are registered users and that service will be accomplished by the appellate CM/ECF system.

*s/ Ben D. Kappelman*
DORSEY & WHITNEY